UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
NOEL ARROYO-BEY,

                 Plaintiff,                        23-CV-3511 (AT) (OTW)

              -against-                   **OPINION & ORDER**

MODERN ORTHODONTICS and KENNETH
COOPERMAN,

                 Defendants.
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court has reviewed ECF Nos. 24, 27, 28 and 29. For the following reasons, the Clerk's Certificate of Default (ECF 14) is **VACATED**. Defendants are directed to file an answer or other responsive pleading **by Friday, April 26, 2024**.

    **I.    BACKGROUND**

Plaintiff filed this action, *pro se*, on April 26, 2023. (ECF 1). Judge Swain granted Plaintiff's application to proceed *in forma pauperis* (IFP) on April 28, 2023 (ECF 3), and issued an order of service on May 8, 2023 (ECF 6), which allowed Plaintiff to effect service on Defendants Modern Orthodontics and Dr. Kenneth Cooperman (collectively "Defendants") through the U.S. Marshals Service (USMS). The USMS effected service on August 1, 2023. (ECF Nos. 9 and 10). After Defendants failed to appear or answer or otherwise respond to the Complaint, Plaintiff filed a proposed Clerk's Certificate of Default on October 13, 2023 (ECF 11), and a corrected filing on October 23, 2023 along with an affirmation. (ECF Nos. 12 and 13). The Clerk's Certificate of Default was entered on October 26, 2023. (ECF 14). On December 14, 2023, Judge Torres directed Plaintiff to move for default judgment or inform the Court of proposed next

steps in this case. (ECF 15). Plaintiff filed a motion for default judgment on January 4, 2024 (ECF 16), and Judge Torres referred this case to me for a Report and Recommendation. (ECF 19). I directed Plaintiff to file (1) proposed findings of fact and conclusions of law, and (2) an inquest memorandum setting forth proof of damages by February 7, 2024, and directed Defendants to file any opposition by February 28, 2024. (ECF 20).

On February 29, 2024, Defendants filed a motion to vacate the Clerk's Certificate of Default. (ECF 24). In his motion, Defendant Cooperman explained that he is a licensed dentist and the sole owner of Modern Orthodontics and had never been involved in a lawsuit like this before. (ECF 24-1 at 1–2). Defendant alleges that he did not understand that he had been adequately served because he thought the summons and complaint needed to be handed to him personally, and thus believed he did not need to respond. *Id*. On February 19, 2024, his counsel explained to him that service was adequate and he subsequently filed this motion. *Id*. Plaintiff filed her opposition on March 28, 2024 (ECF 27) and an amended opposition on April 9, 2024 (ECF 29). For the following reasons, Defendants' motion to vacate is **GRANTED**.

II. **LEGAL STANDARD**

Where, as here, the Clerk of Court has entered a Certificate of Default, but no default judgment has yet been entered, the Court decides a motion to vacate the entry of default pursuant to the "good cause" standard under Fed. R. Civ. P. 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b). *See Atl. Pac. Lines, Inc. v. N. Am. Cargo, Inc.*, No. 19-CV-8037 (GBD) (SDA), 2021 WL 5853327, at *2–3 (S.D.N.Y. Dec. 9, 2021); *see Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting

aside a default judgment by motion pursuant to Rule 60(b)."). In determining whether good cause exists to set aside an entry of default, courts consider: (1) "the willfulness of the default"; (2) "the existence of a meritorious defense"; and (3) "the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "It is well established that default judgments are disfavored," and that "[a] clear preference exists for cases to be adjudicated on the merits." *Pecarsky*, 249 F.3d at 174.

"The determination of whether to set aside a default is left to the 'sound discretion of the judge, the person [who is] most familiar with the circumstances of the given case and . . . in the best position to evaluate the good faith and credibility of the parties.'" *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 337 (S.D.N.Y. 2013) (ellipsis in original) (quoting *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991)).

### III. ANALYSIS

Applying the relevant equitable factors, the Court finds good cause to vacate the entry of default. Defendants' default was not "willful." In the context of default, willfulness requires "conduct that is more than merely negligent or careless," *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Willfulness requires something "such as egregious or deliberate conduct." *New York v. Green*, 420 F.3d 99, 108 (2d Cir. 2005). Here, Defendants did not deliberately evade service or seek to avoid suit. Instead, Defendant Cooperman misunderstood his obligations.

Once he was informed by counsel that he and his practice had in fact been properly served, he quickly moved to vacate default and explain his error to the Court. (ECF 24-1 at 1–2). Where possible, cases should be decided on the merits. *Pecarsky*, 249 F.3d at 174. Doctor Cooperman has now appeared in this case and seeks to defend himself and his medical practice from Plaintiff's suit. It would work an unfair result to deprive him of litigating his case simply because he misunderstood service. Further, vacating the Certificate of Default would not prejudice Plaintiff. While Plaintiff's opposition is unclear, she asserts that the motion to vacate should be denied because "Defendant has not [a]dequately responded to certain important points related to the video evidence presented."[1] Vacating the default will allow Plaintiff to litigate her case on the merits, perhaps obtain some of the answers she seeks through the discovery process, and have her proverbial "day in court." Accordingly, the Clerk's Certificate of Default (ECF 14) is hereby **VACATED**.

IV.   **CONCLUSION**

For the foregoing reasons, the Clerk's Certificate of Default (ECF 14) is **VACATED**. Defendants are directed to file an answer or other responsive pleading **by Friday, April 26, 2024**.

---

[1] In full, Plaintiff writes that: "Defendant for the second time has not Adequately responded to certain important points related to the video evidence presented in the previous Motion and the Declaration on Human Rights of Article 25 According to the *Maxim of Law #10* A **lien or claim can be satisfied** only **Through rebuttal** by counter *affidavit* **point for point.** (Gen. 2-3; Matt. 4; Revelation.) In conclusion Claimant respectfully request the motion to vacate by the Defendant to be dismissed and the Default judgement to stand and be entered." (ECF 29 at 5) (emphases in original).

The Clerk of Court is respectfully directed to serve a copy of this Opinion & Order on *pro se* Plaintiff. The Clerk of Court is further directed to close ECF Nos. 16 and 24.

**SO ORDERED.**

Dated: April 12, 2024
New York, New York

*/s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge